**MAYALL HURLEY P.C.**
**ROBERT J. WASSERMAN (SBN: 258538)**
rwasserman@mayallaw.com
**WILLIAM J. GORHAM (SBN: 151773)**
wgorham@mayallaw.com
**VLADIMIR J. KOZINA (SBN: 284645)**
vjkozina@mayallaw.com
**2453 Grand Canal Boulevard**
**Stockton, California 95207-8253**
**Telephone: (209) 477-3833**
**Facsimile: (209) 473-4818**

**Attorneys for Plaintiff Angelo Kalaveras and the Aggrieved Employees**

## SUPERIOR COURT OF THE STATE CALIFORNIA

## COUNTY OF CONTRA COSTA

| | |
|---|---|
| **ANGELO KALAVERAS,** | **Case No.:** 20-cv-06930-YGR |
| **Plaintiffs,** | **SECOND AMENDED INDIVIDUAL AND REPRESENTATIVE ACTION COMPLAINT** |
| **vs.** | |
| **NCR CORPORATION; and DOES 1-100, inclusive,** | 1. **FAILURE TO PROPERLY CALCULATE AND PAY OVERTIME** |
| **Defendants.** | 2. **FAILURE TO PROVIDE MEAL BREAKS** |
| | 3. **FAILURE TO PROVIDE REST BREAKS** |
| | 4. **FAILURE TO FURNISH ACCURATE ITEMIZED WAGE STATEMENTS** |
| | 5. **FAILURE TO PROPERLY CALCULATE AND PAY SICK LEAVE** |
| | 6. **FAILURE TO PAY ALL WAGES AT CESSATION OF EMPLOYMENT** |
| | 7. **UNLAWFUL BUSINESS PRACTICES** |
| | 8. **VIOLATION OF PRIVATE ATTORNEYS GENERAL ACT** |

Plaintiff Angelo Kalaveras brings this individual and representative action against NCR and Does 1 through 100, for violations of the California Labor Code and the Business and Professions Code.

## PARTIES

1.     Angelo Kalaveras ("Plaintiff") is and at all times relevant herein was employed in Contra Costa County, California, and was an "employee" as defined by the Fair Labor Standards Act

("FLSA"), the California Labor Code ("Labor Code"), and the applicable California Industrial Wage Commission ("IWC") Order(s).

2.     NCR Corporation ("Defendant" or "NCR") is a Maryland company which does business in California and throughout the United States.

3.     At all times relevant herein, NCR has been an "employer" as defined by the Fair Labor Standards Act ("FLSA"), the California Labor Code ("Labor Code"), and the applicable California Industrial Wage Commission ("IWC") Order(s).

4.     NCR and Does 1-100 are collectively referred to as Defendants.

5.     Plaintiff is not aware of the true names and capacities of the Defendants sued herein as Does 1 through 100, whether individual, corporate, associate, or otherwise and therefore sues such Defendants by these fictitious names.  Plaintiff will amend this Complaint to allege their true names and capacities when ascertained.   Plaintiff is informed and believes, and on that basis alleges, that each of the fictitiously named Defendants is responsible in some manner for the occurrences herein alleged and that Plaintiff's injuries and damages herein alleged were legally caused by such Defendants.  Unless otherwise indicated, each Defendant was acting within the course and scope of said agency and/or employment, with the knowledge and/or consent of said co-Defendant.

6.     Plaintiff is informed and believes and thereupon alleges that at all times mentioned herein, each of the Defendants, including each Doe Defendant, was acting as the agent, servant, employee, partner and/or joint venturer of and was acting in concert with each of the remaining Defendants, including each Doe Defendant, in doing the things herein alleged, while at all times acting within the course and scope of such agency, service, employment partnership, joint venture and/or concert of action.  Each Defendant, in doing the acts alleged herein, was acting both individually and within the course and scope of such agency and/or employment, with the knowledge and/or consent of the remaining Defendants.

## JURISDICTION AND VENUE

7.     This Court is the proper Court, and this action is properly filed in the Superior Court of California for the County of Contra Costa because NCR conducts business in this County and Plaintiff has performed work for NCR in this County.  Plaintiff hereby demands a jury trial.

## GENERAL ALLEGATIONS

8.      Plaintiff worked NCR as a Customer Engineer from October 2019 until January 2020.

9.      Throughout his employment, Plaintiff was a non-exempt employee. As such, he was eligible for and at times worked overtime.

10.     Plaintiff and NCR's other non-exempt California employees were eligible for and at times received non-discretionary bonuses, commissions, and other items of compensation.

11.     These non-discretionary bonuses, commissions, and other items of compensation included, but were not limited to, shift premiums, "CE Vehicle" pay, and "Biometric Credit" pay. **Exhibit 1**. [1]

12.     Throughout his employment, however, NCR failed to pay properly calculate and pay the overtime wages owed to Plaintiff and its other non-exempt California employees.

13.     Specifically, pursuant to its uniform policy, practice and procedure, NCR either (a) failed to include commissions, non-discretionary bonuses and other items of compensation when determining Plaintiff and its other non-exempt employees' "regular rate of pay" for purposes of overtime, or (b) failed to properly calculate and pay the overtime wages owed to Plaintiff and its other non-exempt California employees because it failed to properly account for all commissions, non-discretionary bonuses and other items of compensation earned when determining its employees' "regular rate of pay" for purposes of overtime.

14.     For example, during the pay period of December 28, 2019 through January 10, 2020, Plaintiff received "Shift 3 Premium" of $149.00 and "OT Premium" of $1.99. See **Exhibit 1**. Pursuant to its uniform policy and practice, NCR failed to properly calculate Plaintiff's "OT Premium" when calculating his regular rate of pay and, therefore, underpaid him. *Id*.

15.     Further, during the pay period of December 28, 2019 through January 10, 2020, NCR failed to include Plaintiff's "CE Vehicle" pay of $27.69 and "Biometric Credit" of $75.00 when calculating his regular rate of pay and, therefore, underpaid him. See *Id*.

---

[1] Exhibits 1-4 are incorporated by this reference as though fully set forth herein. Some Exhibits have been reduced and/or redacted due to their size and content.

16.     Similarly, during the pay period of November 30, 2019 through December 13, 2019, Plaintiff received "Shift 3 Premium" of $108.00 and "OT Premium" of $1.89.  See **Exhibit 2**. Pursuant to its uniform policy and practice, NCR failed to properly calculate Plaintiff's "OT Premium" when calculating his regular rate of pay and, therefore, underpaid him.  *Id*.

17.     Further, during the pay period of November 30, 2019 through December 13, 2019, NCR failed to include Plaintiff's "CE Vehicle" pay of $27.69 and "Biometric Credit" of $75.00 when calculating his regular rate of pay and, therefore, underpaid him.  See *Id*.

18.     Additionally, during the pay period of October 19, 2019 through November 1, 2019, NCR failed to include Plaintiff's "CE Vehicle" pay of $27.69 and "Biometric Credit" of $75.00 when calculating his regular rate of pay and, therefore, underpaid him.  See *Id*.

19.     Further, during the pay period of October 19, 2019 through November 1, 2019, Plaintiff received "Shift 3 Premium" of $48.00 and "OT Premium" of $0.96.  See **Exhibit 3**.  Pursuant to its uniform policy and practice, NCR failed to properly calculate Plaintiff's "OT Premium" when calculating his regular rate of pay and, therefore, underpaid him.  *Id*.

20.     Further, during the pay period of October 19, 2019 through November 1, 2019, NCR failed to include Plaintiff's "CE Vehicle" pay of $27.69 when calculating his regular rate of pay and, therefore, underpaid him.  See *Id*.

21.     Plaintiff and NCR's other non-exempt California employees were entitled to meal and rest breaks in accordance with California law.

22.     Plaintiff and NCR's other hourly, non-exempt California employees were not consistently authorized or permitted to take meal breaks as required by California law.

23.     NCR also required Plaintiff and its other non-exempt California employees to work through meal breaks due to understaffing and work demands.

24.     On the occasions that Plaintiff and NCR's other non-exempt California employees were able to take their meal breaks, they routinely occurred after 5 hours of work.

25.     Further, NCR frequently failed to relieve Plaintiff and its other non-exempt California employees of employer control during their meal breaks.

26.     Plaintiff and NCR's other hourly, non-exempt California employees were also not consistently authorized or permitted to take rest breaks as required by California law.

27.     NCR also required Plaintiff and its other non-exempt California employees to work through rest breaks due to understaffing and work demands.

28.     Further, NCR frequently failed to relieve Plaintiff and its other non-exempt California employees of employer control during their rest breaks.

29.     When Plaintiff and NCR's other non-exempt California employees were not provided compliant meal and rest breaks, NCR did not always pay premiums as required by California law.

30.     Plaintiff and NCR's other hourly, non-exempt California employees were also entitled to sick pay pursuant to Labor Code section 245, et seq.  Any sick pay used appeared on their wage statements as "Sick Time".  See **Exhibit 4**.

31.     Although Labor Code section 248.5, subdivision (l)(1) mandates that paid sick leave for non-exempt employees be "calculated in the same manner as the regular rate of pay for the workweek in which the employee uses paid sick time", NCR failed to include commissions, non-discretionary bonuses and other items of compensation when determining Plaintiff and NCR's other hourly, non-exempt California employees' regular rate of pay for purposes of sick pay.  *Id*.  Instead, sick pay was only paid at Plaintiff and NCR's other hourly, non-exempt California employees' base hourly rate.

32.     When Plaintiff's employment ended, his final paychecks did not include the balance of unpaid overtime, sick pay, or premiums owed to him.

33.     Because Plaintiff and NCR's other former hourly, non-exempt California employees were not properly paid their overtime and sick wages, provided compliant meal and rest breaks, or paid the premiums associated with missing the same, they were not timely paid all wages due and owing to them during each pay period and at the end of their employment.

34.     Because of the violations set forth above, and as evidenced in the samples of Plaintiff's wage statements attached hereto as **Exhibits 1-3**, the wage statements furnished by NCR to its non-exempt California employees violated California Labor Code section 226(a) insofar as they failed to accurately show:

    a.   The gross wages earned, in violation of section 226(a)(1);
    b.   The total hours worked by the employee in violation of section 226(a)(2);

      c.  The net wages earned, in violation of section 226(a)(5); and

      d.  All applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate in violation of section 226(a)(9).

35.     Separately, and independent of the violations set forth above, the wage statements NCR furnishes to its non-exempt California employees violate California Labor Code section 226(a) insofar as they fail to accurately show the total hours worked in violation of section 226(a)(2).

36.     Specifically, the wage statements NCR furnishes to its non-exempt California employees list multiple different categories of earnings such as (i) "Regular Pay," (ii) "Overtime," (3) "OT Premium," (4) "Shift 3 Premium", (5) "Training Hours", (6) "Holiday", and (7) "MEAL PENALTY". See **Exhibits 1-3**.

37.     With respect to the hours included in the pay period, the wage statements do not provide a separate category calculating the total hours worked by Plaintiff or NCR's other non-exempt California employees.  See **Exhibits 1-3**.  Rather, the statements appear to list the number of hours worked at the "Regular Pay" rate, "Overtime" rate, "OT Premium" rate, "Shift 3 Premium" rate, "Training Hours" rate, "Holiday" rate, and "MEAL PENALTY" rate.  *Id*.  Inclusion of multiple categories of "hours worked" render the wage statements inaccurate and confusing and have impeded the ability of Plaintiff and NCR's other non-exempt California employees to promptly and easily determine the total hours worked during the pay period in order to ensure NCR was properly compensating them.

38.     For example, during the pay period of December 28, 2019 through January 10, 2020, Plaintiff's wage statement suggests that he worked a total of 60 hours at "Regular Pay", 12 hours at "Training Hours", 8 hours at "Holiday", 74.50 hours at "Shift 3 Premium", 2.50 hours at "Overtime", and 1 hour at "Meal Break Penalty".  There is no separate category identifying "total hours worked." See **Exhibit 1**.

39.     If an employee sought to calculate the total number of hours worked during a pay period and added the hours listed under the "Regular Pay", "Training Hours", "Holiday, "Shift 3 Premium", "Overtime", and "Meal Break Penalty" categories, the total hours worked would be incorrect.  *Id*.; see *McKenzie v. Federal Exp. Corp*., 275 F.R.D. 290, 292 (C.D. Cal. 2011).

40.     There is no way to determine from the face of the wage statements the total number of hours actually worked.  Simply adding all of the numbers under the "Hours" column, for the December 28, 2019 through January 10, 2020 pay period for example (60 + 12 + 8 + 74.50 + 2.5 + 1), results in 158.00 hours.  Plaintiff did not work 158.00 hours during the pay period of December 28, 2019 through January 10, 2020.

41.     Similarly, during the pay period of November 30, 2019 through December 13, 2019, Plaintiff's wage statement suggests that he worked a total of 32 hours at "Regular Pay", 48 hours at "Training Hours", 54 hours at "Shift 3 Premium", and 2.50 hours at "Overtime.  There is no separate category identifying "total hours worked."  See **Exhibit 2**.

42.     If an employee sought to calculate the total number of hours worked during a pay period and added the hours listed under the "Regular Pay", "Training Hours", "Holiday, "Shift 3 Premium", "Overtime", and "Meal Break Penalty" categories, the total hours worked would be incorrect.  *Id*.; see *McKenzie v. Federal Exp. Corp*., 275 F.R.D. 290, 292 (C.D. Cal. 2011).

43.     Separately, and independent of the violations set forth above, the wage statements NCR furnishes to its non-exempt California employees violate California Labor Code section 226(a) insofar as they fail to accurately show applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate in violation of section 226(a)(9).

44.     For example, during the pay period of December 28, 2019 through January 10, 2020, Plaintiff received "Shift 3 Premium" of $149.00 and "OT Premium" of $1.99.  See **Exhibit 1**.  The wage statements do not list the "OT Premium" rate or the number of hours for which it is being paid.

45.     NCR was, at all times relevant herein, aware of the requirements of California Labor Code section 226.

46.     NCR has, at all times relevant herein, furnished wage statements to each of its non-exempt California employees pursuant to an established set of policies, procedures and practices.

47.     From at least four years prior to the filing of this action, NCR has adopted and employed unfair business practices.  These unfair business practices include, but are not limited to, failing to properly calculate and pay all overtime wages due, and failing to provide compliant meal and rest breaks, or to pay the premiums associated therewith.

## **PRIVATE ATTORNEYS GENERAL ACT ALLEGATIONS**

48.     The Private Attorney General Act ("PAGA"), as set forth at California Labor Code § 2698 et seq., is and at all times relevant herein was applicable to Rodriguez's employment by Defendants.

49.     Pursuant to Labor Code § 2699(a) any provision of the Labor Code which provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency ("LWDA") for violations of the Labor Code may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees pursuant to the procedures outlined in Labor Code § 2699.3.  California Labor Code § 2699(a).

50.     Pursuant to PAGA, an "aggrieved employee" is "any person who was employed by the alleged violator and against whom one or more of the alleged violations was committed."  Labor Code § 2699(c).

51.     Plaintiff was employed by NCR and the alleged violations were committed against him during his time of employment.  Plaintiff is therefore an aggrieved employee as defined by Labor Code § 2699(c).  Other current and former employees are also aggrieved employees in that one or more of the alleged violations were also committed against them during their time of employment with NCR.

52.     As is outlined herein, NCR violated the Labor Code as to Rodriguez and other current and former employees it employed and/or employs within California.  Specifically, Defendants violated Labor Code sections 201, 202, 203, 204, 226, 226.7, 233, 246, 510, 512, and 1198, as well as the applicable IWC Wage Orders.

53.     Pursuant to Labor Code § 2699(f), the civil penalty recoverable in a PAGA action is that which is provided for by the by the Labor Code.  When the Labor Code does not provide a civil penalty, the penalty recoverable shall be $100 for the initial violation per employee per pay period and $200 for each subsequent violation per employee per pay period.

54.     Pursuant to Pursuant to California Labor Code § 2699(g), an aggrieved employee may recover the civil penalty on behalf of himself or herself and other current or former employees against

whom one or more of the alleged violations was committed.  Furthermore, any employee who prevails in any action shall be entitled to an award of reasonable attorney's fees and costs.

55.     Pursuant to Labor Code § 2699.3, an aggrieved employee, including Rodriguez, may pursue a civil action arising under PAGA after the following requirements have been met:

a.     The aggrieved employee shall give written notice by certified mail to the LWDA and the employer (hereinafter "Employee's Notice") of the specific provisions of California Labor Code alleged to have been violated, including the facts and theories to support the alleged violations;

b.     The LWDA shall provide notice (hereinafter "LWDA's Notice") to the employer and the aggrieved employee by certified mail that it does not intend to investigate the alleged violation within 60 days of the postmark date of the Employee's Notice.  Upon receipt of the LWDA's Notice, or if the LWDA does not provide notice with 65 calendar days of the postmark date of the Employee's Notice, the aggrieved employee may commence a civil action pursuant to California Labor Code § 2699 to recover civil penalties in addition to any other penalties to which the employee may be entitled.

c.     For all alleged violations not enumerated in Labor Code § 2699.5, the employer is given thirty-three (33) days to cure and notify the aggrieved employee by certified mail that the violation has been cured.  If the violation is not cured, the aggrieved employee may commence a civil action pursuant to California Labor Code § 2699 to recover civil penalties in addition to any other penalties to which the employee may be entitled.

56.     On June 25, 2020, Plaintiff provided written notice by certified mail to NCR and by online filing to the LWDA of the specific provisions of the Labor Code alleged to have been violated, including the facts and theories to support the alleged violations.

57.     .     As of the filing of this Second Amended Individual and Representative Action Complaint, which is more 65 days after June 25, 2020, the LWDA has not responded to Plaintiff's notification or otherwise indicated an intention to investigate his claims.  Plaintiff has satisfied the administrative prerequisites under Labor Code § 2699.3 to bring a civil action to recover penalties against

1         NCR, in addition to other remedies, for violations of California Labor Code

2         sections 201, 202, 203, 204, 226, 226.7, 233, 246, 510, 512, and 1198, as well

3         as the applicable IWC Wage Orders.

4   58.       As of the filing of the First Amended Class, Collective, and Representative

5         Action Complaint, which was more than thirty-three (33) days after June 25,

6         2020, NCR has not furnished any notification reflecting that any of the

7         violations alleged in the June 25, 2020 notification letter have been cured

8         pursuant to California Labor Code section 2699.3, subdivision (c)..

**FIRST CAUSE OF ACTION**
**VIOLATION OF FAIR LABOR STANDARDS ACT AND**
**CALIFORNIA LABOR CODE §§ 510 & 1198**
**(Failure to Pay Overtime)**
**Against Defendants on Behalf of Plaintiff**

59.     Plaintiff hereby realleges and incorporates by reference each and every allegation set forth above as though fully set forth herein, except as said paragraphs are inconsistent with the allegations of this cause of action.

60.     Pursuant to California Labor Code section 510, any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee.

61.     The "regular rate of pay" includes all remuneration for employment paid to the employee and includes, but is not limited to, hourly earnings, salary, piece work earnings, commissions, non-discretionary bonuses, and the value of meals and lodging. See 29 U.S.C. § 207(e); DLSE Enforcement Policies and Interpretations Manual Section 49.

62.     Pursuant to California Labor Code section 1198, the maximum hours of work and standard conditions of labor fixed by the commission shall be the maximum hours of work and the

standard conditions of labor for employees and the employment of any employee for longer hours than those fixed by the commission or under conditions of labor prohibited by the order is unlawful.

63.     During the relevant time period, Plaintiff regularly worked overtime.

64.     During the relevant time period, Defendants failed to include commissions, non-discretionary bonuses and/or other items of compensation, when determining the "regular rate of pay" for Plaintiff.

65.     During the relevant time period, Defendants failed to properly calculate the "regular rate of pay" for Plaintiff.

66.     During the relevant time period, Defendant intentionally and willfully failed to pay all overtime wages due to Plaintiff.

67.     Wherefore, Plaintiff has been injured as set forth above and request relief as hereafter provided.

**<u>SECOND CAUSE OF ACTION</u>**
**VIOLATION OF LABOR CODE §§ 226.7, 512**
**(Failure to Furnish Meal Breaks)**
**Against Defendants on Behalf of Plaintiff**

68.     Plaintiff hereby realleges and incorporates by reference each and every allegation set forth above as though fully set forth herein, except as said paragraphs are inconsistent with the allegations of this cause of action.

69.     Labor Code § 226.7 requires employers to provide employees meal periods as mandated by Order of the Industrial Welfare Commission.

70.     Labor Code § 512(a) and the applicable IWC Wage Order(s) provide that an employer may not employ a person for a work period of more than 5 hours per day without providing that employee a meal period of not less than 30 minutes, except that if the total work period per day is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee.

71.     The applicable Wage Order(s) and Labor Code section 226.7 further require an employer who fails to provide a meal period to pay the employee one hour of pay at the employee's "regular rate of compensation" for each day that a meal period is missed.

72.     As set forth above, Defendants failed to provide Plaintiff meal breaks as required by the Labor Code and IWC Wage Orders.

73.     As a proximate result of Defendants' actions, Plaintiff has suffered harm.

74.     Wherefore, Plaintiff has been injured as set forth above and request relief as hereafter provided.

**THIRD CAUSE OF ACTION**
**VIOLATION OF LABOR CODE §§ 226.7**
**(Failure to Furnish Rest Breaks)**
**Against Defendants on Behalf of Plaintiff**

75.     Plaintiff hereby realleges and incorporates by reference each and every allegation set forth above as though fully set forth herein, except as said paragraphs are inconsistent with the allegations of this cause of action.

76.     Labor Code § 226.7 requires employers to provide employees rest periods as mandated by Order of the Industrial Welfare Commission.

77.     The applicable Wage Order(s) require that employers must authorize and permit nonexempt employees to take a rest period that must, insofar as practicable, be taken in the middle of each work period. The rest period is based on the total hours worked daily and must be at the minimum rate of a net ten consecutive minutes for each four-hour work period, or major fraction thereof.  Employees are not entitled to a rest break if their total daily work is less than three-and-one-half hours.

78.     The applicable Wage Order(s) and Labor Code § 226.7 further require an employer who fails to provide a meal period to pay the employee one hour of pay at the employee's regular rate for each day that a meal period is missed.

79.     As set forth above, during his employment, Defendants failed to provide Plaintiff rest breaks as required by the Labor Code and IWC Orders.

80.     As a proximate result of Defendants' actions, Plaintiff has suffered harm.

81.     Wherefore, Plaintiff has been injured as set forth above and request relief as hereafter provided.

**FOURTH CAUSE OF ACTION**
**VIOLATION OF LABOR CODE § 226(a)**
**(Failure to Furnish Accurate Itemized Wage Statements)**
**Against Defendants on Behalf of Plaintiff**

82.     Plaintiff hereby realleges and incorporates by reference each and every allegation set forth above as though fully set forth herein, except as said paragraphs are inconsistent with the allegations of this cause of action.

83.     Pursuant to California Labor Code section 226(a) "every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when the wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee [. . .], (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number, (8) the name and address of the legal entity that is the employer [. . .], (9) all applicable hourly rates in effect during the pay period and corresponding number of hours worked at each hourly rate by the employee and, if the employer is a temporary services employer [. . .], the rate of pay and the total hours worked for each temporary services assignment."

84.     An employee suffering injury as a result of the knowing and intentional failure by an employer to comply with Labor Code section 226(a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not to exceed the aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees.  Labor Code § 226(e)(1).

85.     An employee is deemed to suffer injury if the employer fails to provide a wage statement or if the employer fails to provide accurate and complete information as required by any one or more of the items (1) to (9), inclusive, of subdivision (a) and the employee cannot promptly and easily determine from the wage statement alone, i) the amount of gross/net wages paid to the employee

during the pay period or any of the other information required to be provided pursuant to Labor Code section 226(a) items (2) to (4), inclusive, (6) and (9), ii) deductions made by the employer, iii) the name and address of the employer and iv) the name of the employee and the last four digits of his or her social security number or employee identification number.  Labor Code § 226(e)(2)(A) and (B)(i)-(iv).  "Promptly and easily determine" means a reasonable person would be able to readily ascertain the information without reference to other documents or information.  Labor Code § 226(e)(2)(C).

86.    As set forth above, Defendants intentionally and willfully failed to furnish accurate itemized wage statements which complied with Labor Code section 226.

87.    Wherefore, Plaintiff has been injured as set forth above and request relief as hereafter provided.

**FIFTH CAUSE OF ACTION**
**VIOLATION OF LABOR CODE §§ 218, 233, 246 *et seq.***
**(FAILURE TO PROPERLY CALCULATE AND PAY SICK LEAVE)**
**By Plaintiff Against Defendants**
**Against Defendants on Behalf of Plaintiff**

88.    Plaintiff hereby realleges and incorporates by reference each and every paragraph set forth above as though fully set forth herein, except as said paragraphs are inconsistent with the allegations of this cause of action.

89.    Labor Code section 246(l) requires that employers pay sick time pay to non-exempt employees at that employee's "regular rate of pay."

90.    The "regular rate of pay" includes all remuneration for employment paid to the employee and includes, but is not limited to, hourly earnings, salary, piece work earnings, shift differentials, commissions, non-discretionary bonuses, and the value of meals and lodging.  (See 29 U.S.C. § 207(e); DLSE Enforcement Policies and Interpretations Manual Section 49.)

91.    During the relevant time period, Defendants failed to include commissions, incentive payments, non-discretionary bonuses, and/or other items of compensation when determining the "regular rate of pay" for Plaintiff for purposes of sick time pay.

92.    According to the California Supreme Court, sick pay is a form of wages.  (*Murphy v. Kenneth Cole Productions* (2007) 40 Cal.4th 1094, 1103.)

93.     Labor Code section 233 provides that "any employer who provides sick leave for employees shall permit an employee to use in any calendar year the employee's accrued and available sick leave entitlement, in an amount not less than the sick leave that would be accrued during six months at the employee's then current rate of entitlement, for the reasons specified in subdivision (a) of Section 246.5."

94.     During the relevant time period, Defendants intentionally and willfully failed to pay Plaintiff his sick pay at the rate of pay required by law.  Accordingly, Plaintiff did not receive the full amount of paid sick time that he was entitled to receive by law, and were therefore denied the right to use sick leave within the meaning of Labor Code sections 233(a) and (c).

95.     Any employer who violates Labor Code section 233 is liable to employees for the greater of one days' pay or actual damages, reasonable equitable relief, and reasonable attorneys' fees and costs.  (Lab. Code, § 233, subds. (d), (e).)

96.     Further, Labor Code section 218 authorizes a private right of action to recover unpaid wages.

97.     Wherefore, Plaintiff has been injured as set forth above and request relief as hereafter provided.

### SIXTH CAUSE OF ACTION
**VIOLATION OF LABOR CODE §§ 201, *et seq.***
**(Failure to Pay All Wages at Cessation of Employment)**
**Against Defendants on Behalf of Plaintiff**

98.     Plaintiff hereby realleges and incorporates by reference each and every paragraph set forth above as though fully set forth herein, except as said paragraphs are inconsistent with the allegations of this cause of action.

99.     California Labor Code section 201 provides that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately.

100.    California Labor Code section 202 requires an employer to pay an employee all earned wages within 72 hours of the employee quitting his or her employment, or immediately at the time of quitting if the employee has given 72 hours previous notice of his or her intention to quit.

101.    As set forth above, Plaintiff was not timely paid all of his earned but unpaid wages when his employment with Defendants ended.

102.    Wherefore, Plaintiff has been injured as set forth above and request relief as hereafter provided.

### SEVENTH CAUSE OF ACTION
### VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE §§ 17200 *ET SEQ.*
### (Unfair Business Practices)
### Against Defendants on Behalf of Plaintiff

103.    Plaintiff hereby realleges and incorporates by reference each and every allegation set forth above as though fully set forth herein, except as said paragraphs are inconsistent with the allegations of this cause of action.

104.    The statutory violations, as alleged above, are unfair business practices within the meaning of the Unfair Competition Law (Business and Professions Code sections 17200 *et seq*), and include, but are not limited to failing to properly calculate the "regular rate of pay" for its non-exempt employees, and to pay overtime accordingly and failing to provide complaint meal and rest breaks or to pay the premiums associated with the same..

105.    Wherefore, Plaintiff has been damaged as set forth above and request relief as hereafter provided.

### EIGHTH CAUSE OF ACTION
### VIOLATION OF PRIVATE ATTORNEYS GENERAL ACT
### ("PAGA")
### Against Defendants

106.    Plaintiff hereby realleges and incorporates by reference each and every allegation set forth above as though fully set forth herein, except as said paragraphs are inconsistent with the allegations of this cause of action.

107.    Plaintiff is an "aggrieved employee" under the PAGA as he was employed by NCR during the applicable statutory period, from June 25, 2019 through the present, and suffered one or more of the Labor Code violations outlined herein.  Other current and former employees are also aggrieved employees in that one or more of the alleged violations were also committed against them during their time of employment with NCR.

108.     Plaintiff seeks to recover, on behalf of and as a proxy for the Labor and Workforce Development Agency (the "LWDA"), the civil penalties provided by the PAGA through a representative action permitted by the PAGA and Arias v, Sup. Ct. (2009) 46 Cal.4th 969.  Class certification of the PAGA claims is not required.

109.     Plaintiff seeks to enforce the California Labor Code and related regulations and Industrial Wage Order(s) on behalf of the LWDA and pursuant to the PAGA for a number of violations which include, but are not limited to, all of the following: Labor Code sections 201, 202, 203, 204, 226, 226.7, 233, 246, 510, 512, and 1198, as well as the applicable IWC Wage Orders

110.     Pursuant to Labor Code section 2699(f), the civil penalty recoverable in a PAGA action is that which is provided for by the Labor Code or, where no civil penalty is specifically provided, one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation.

111.     Pursuant to California Labor Code section 2699(g), an aggrieved employee may recover the civil penalty on behalf of himself or herself and other current or former employees against whom one or more of the alleged violations was committed.  Furthermore, any employee who prevails in any such action shall be entitled to an award of reasonable attorney's fees and costs

112.     As a result of the myriad violations of the Labor Code and applicable IWC Order(s) set forth above, Plaintiff seeks recovery of civil penalties, attorneys' fees and costs pursuant to the PAGA as set forth below

113.     Wherefore, Plaintiff and the other Aggrieved employees have been damaged as set forth above and request relief as hereafter provided.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays judgment against Defendants as follows:

**As to the First through Seventh Causes of Action:**

1.     That this Court award actual, compensatory, special, and general damages as well as restitutionary relief to Plaintiff;

2.     That this Court award injunctive relief, including that available under Business and Professions Code § 17203;

3.    That this Court award penalties and liquidated damages including, but not limited to, those available Labor Code §§ 203, 226, 226.7, and 512;

4.    That this Court award statutory attorneys' fees and costs, including those available under 29 U.S.C. § 216(b), Labor Code §§ 218.5, 226(e)(1), 226(h), and 1194, as well as Code of Civil Procedure § 1021.5;

5.    That this Court award prejudgment and post-judgment interest according to any applicable provision of law or as otherwise permitted by law; and

6.    That this Court award such other and further relief as the court deems just and proper.

**As to the Eighth Cause of Action:**

1.    For civil penalties, including but not limited to those available under Labor Code §§ 210, 226.3, 256, 558 and 2699(f);

2.    For statutory attorneys' fees and costs, including but not limited to those available under Labor Code § 2699(g);

3.    For prejudgment and post-judgment interest according to any applicable provision of law or as otherwise permitted by law, including those available under Civil Code §§ 3287(a) and 3289(b), and Labor Code § 218.6; and

4.    For such other and further relief as the court deems just and proper.

**DATED:**    March 12, 2021                **MAYALL HURLEY P.C.**

By _Robert Wasserman_____
ROBERT J. WASSERMAN
JENNY D. BAYSINGER
Attorneys for Plaintiff

EXHIBIT 1

| Previous Payslip | Next Payslip | Return to My Payslips | Print Payslip Image | Print Multiple Payslips |

## Company Information  1 item

| Name | Address | Phone |
|---|---|---|
| NCR Corporation | 864 Spring St NW Atlanta, GA 30308 United States of America | +1 (800) 225-5627 |

## Payslip Information  1 item

| Name | Employee ID | Pay Period Begin | Pay Period End | Check Date | Check Number |
|---|---|---|---|---|---|
| Angelo Kalaveras | 14200149850 | 12/28/2019 | 01/10/2020 | 01/17/2020 | |

## Current and YTD Totals  2 items

| Balance Period | Gross Pay | Pre Tax Deductions | Employee Taxes | Post Tax Deductions | Net Pay |
|---|---|---|---|---|---|
| Current | 2,429.49 | 143.32 | 616.60 | 0.00 | 1,669.57 |
| YTD | 4,688.49 | 286.64 | 1,165.95 | 0.00 | 3,235.90 |

## Earnings  10 items

| Description | Dates | Hours | Rate | Amount |
|---|---|---|---|---|
| Overtime | 12/28/2019 - 01/03/2020 | 2.50 | 39.00 | 97.50 |
| Regular Pay | 12/28/2019 - 01/10/2020 | 60.00 | 26.00 | 1,560.00 | 3, |
| Shift 3 Premium | 12/28/2019 - 01/10/2020 | 74.50 | 2.00 | 149.00 | : |
| Training Hours | 12/28/2019 - 01/10/2020 | 12.00 | 26.00 | 312.00 | ! |
| CE Vehicle | 12/28/2019 - 01/10/2020 | 0.00 | 0.00 | 27.69 |
| Holiday | 12/28/2019 - 01/03/2020 | 8.00 | 26.00 | 208.00 | ! |
| OT Premium | 12/28/2019 - 01/10/2020 | 0.00 | 0.00 | 1.99 |
| Biometric Credit | 12/28/2019 - 01/10/2020 | 0.00 | 0.00 | 75.00 |
| Group Term Life | 12/28/2019 - 01/10/2020 | 0.00 | 0.00 | 3.90 |
| Meal Break Penalty | 12/28/2019 - 01/03/2020 | 1.00 | 26.00 | 26.00 |
| | | | Total: | 2,461.08 | 4, |

## Employee Taxes  5 items

| Description | Amount | YTD |
|---|---|---|
| OASDI | 143.70 | 276.83 |
| Medicare | 33.60 | 64.74 |
| Federal Withholding | 315.83 | 594.15 |
| State Tax - CA | 100.61 | 186.21 |
| CA SDI - CASDI | 22.86 | 44.02 |
| Total: | 616.60 | 1,165.95 |

## Pre Tax Deductions  3 items

| Description | Amount | YTD |
|---|---|---|
| Dental Plan | 9.16 | 18.32 |
| Eye Plan | 4.75 | 9.50 |
| Medical | 129.41 | 258.82 |
| Total: | 143.32 | 286.64 |

## Taxable Wages  3 items

| Description | Amount | YTD |
|---|---|---|
| OASDI - Taxable Wages | 2,317.76 | 4,465.03 |
| Medicare - Taxable Wages | 2,317.76 | 4,465.03 |
| Federal Withholding - Taxable Wages | 2,317.76 | 4,465.03 |

## Withholding  3 items

| Description | Federal | Work State |
|---|---|---|
| Marital Status | Married but withhold at higher Single rate | Married but withhold at higher Single rate |
| Allowances | 0 | 0 |
| Additional Withholding | 0 | |

## Payment Information  1 item

EXHIBIT 2

## Angelo Kalaveras: 12/13/2019 (Regular) - Complete (Actions)

| Previous Payslip | Next Payslip | Return to My Payslips | Print Payslip Image | Print Multiple Payslips |
|---|---|---|---|---|

### Company Information  1 item

| Name | Address | Phone |
|---|---|---|
| NCR Corporation | 864 Spring St NW<br>Atlanta, GA 30308<br>United States of America | +1 (800) 225-5627 |

### Payslip Information  1 item

| Name | Employee ID | Pay Period Begin | Pay Period End | Check Date | Check Number |
|---|---|---|---|---|---|
| Angelo Kalaveras | 14200149850 | 11/30/2019 | 12/13/2019 | 12/20/2019 | |

### Current and YTD Totals  2 items

| Balance Period | Gross Pay | Pre Tax Deductions | Employee Taxes | Post Tax Deductions | Net Pay |
|---|---|---|---|---|---|
| Current | 2,362.39 | 140.93 | 596.83 | 0.00 | 1,624.63 |
| YTD | 10,116.68 | 422.79 | 2,501.60 | 0.00 | 7,192.29 |

### Earnings  9 items

| Description | Dates | Hours | Rate | Amount | |
|---|---|---|---|---|---|
| Overtime | 12/07/2019 - 12/13/2019 | 2.50 | 39.00 | 97.50 | 24 |
| Regular Pay | 11/30/2019 - 12/13/2019 | 32.00 | 26.00 | 832.00 | 1,04 |
| Shift 3 Premium | 11/30/2019 - 12/13/2019 | 54.00 | 2.00 | 108.00 | 28 |
| Training Hours | 11/30/2019 - 12/13/2019 | 48.00 | 26.00 | 1,248.00 | 8,11 |
| CE Vehicle | 11/30/2019 - 12/13/2019 | 0.00 | 0.00 | 27.69 | 11 |
| Holiday | | | | | 20 |
| OT Premium | 12/07/2019 - 12/13/2019 | 0.00 | 0.00 | 1.89 | |
| Biometric Credit | 11/30/2019 - 12/13/2019 | 0.00 | 0.00 | 75.00 | 22 |
| Group Term Life | 11/30/2019 - 12/13/2019 | 0.00 | 0.00 | 3.90 | 1 |
| | | | Total: | 2,393.98 | 10,23 |

### Employee Taxes  5 items

| Description | Amount | YTD |
|---|---|---|
| OASDI | 139.69 | 608.61 |
| Medicare | 32.67 | 142.34 |
| Federal Withholding | 304.23 | 1,264.83 |
| State Tax - CA | 98.02 | 388.88 |
| CA SDI - CASDI | 22.22 | 96.94 |
| Total: | 596.83 | 2,501.60 |

### Pre Tax Deductions  3 items

| Description | Amount | YTD |
|---|---|---|
| Dental Plan | 8.81 | 26.43 |
| Eye Plan | 4.80 | 14.40 |
| Medical | 127.32 | 381.96 |
| Total: | 140.93 | 422.79 |

### Taxable Wages  3 items

| Description | Amount | YTD |
|---|---|---|
| OASDI - Taxable Wages | 2,253.05 | 9,816.35 |
| Medicare - Taxable Wages | 2,253.05 | 9,816.35 |
| Federal Withholding - Taxable Wages | 2,253.05 | 9,816.35 |

### Withholding  3 items

| Description | Federal | Work State |
|---|---|---|
| Marital Status | Married but withhold at higher Single rate | Married but withhold at higher Single rate |
| Allowances | 0 | 0 |
| Additional Withholding | 0 | |

### Payment Information  1 item

| Bank | Account Name | Account Number | Amount in Pay Group Currency | Pay Group Currency |
|---|---|---|---|---|

EXHIBIT 3

  

# Payslip

## Angelo Kalaveras: 11/01/2019 (Regular) - Complete (Actions)

| Previous Payslip | Next Payslip | Return to My Payslips | Print Payslip Image | Print Multiple Payslips |

### Company Information  1 Item

| Name | Address | Phone |
|---|---|---|
| NCR Corporation | 864 Spring St NW<br>Atlanta, GA 30308<br>United States of America | +1 (800) 225-5627 |

### Payslip Information  1 Item

| Name | Employee ID | Pay Period Begin | Pay Period End | Check Date | Check Number |
|---|---|---|---|---|---|
| Angelo Kalaveras | 14200149850 | 10/19/2019 | 11/01/2019 | 11/08/2019 | |

### Current and YTD Totals  2 items

| Balance Period | Gross Pay | Pre Tax Deductions | Employee Taxes | Post Tax Deductions | Net Pay |
|---|---|---|---|---|---|
| Current | 2,206.96 | 0.00 | 589.60 | 0.00 | 1,617.36 |
| YTD | 3,246.96 | 0.00 | 796.92 | 0.00 | 2,450.04 |

### Earnings  6 items

| Description | Dates | Hours | Rate | Amount | YT |
|---|---|---|---|---|---|
| Overtime | 10/26/2019 - 11/01/2019 | 2.00 | 39.00 | 78.00 | 78.0 |
| Regular Pay | 10/26/2019 - 11/01/2019 | 4.00 | 26.00 | 104.00 | 104.0 |
| Shift 3 Premium | 10/19/2019 - 11/01/2019 | 24.00 | 2.00 | 48.00 | 48.0 |
| Training Hours | 10/19/2019 - 11/01/2019 | 76.00 | 26.00 | 1,976.00 | 3,016.0 |
| CE Vehicle | 10/19/2019 - 11/01/2019 | 0.00 | 0.00 | 27.69 | 27.6 |
| OT\Premium | 10/26/2019 - 11/01/2019 | 0.00 | 0.00 | 0.96 | 0.9 |
| | | | Total: | 2,234.65 | 3,274.6 |

### Employee Taxes  5 items

| Description | Amount | YTD |
|---|---|---|
| OASDI | 138.55 | 203.03 |
| Medicare | 32.40 | 47.48 |
| Federal Withholding | 300.18 | 399.98 |
| State Tax - CA | 96.40 | 113.96 |
| CA SDI - CASDI | 22.07 | 32.47 |
| Total: | 589.60 | 796.92 |

### Taxable Wages  3 items

| Description | Amount | YTD |
|---|---|---|
| OASDI - Taxable Wages | 2,234.65 | 3,274.65 |
| Medicare - Taxable Wages | 2,234.65 | 3,274.65 |
| Federal Withholding - Taxable Wages | 2,234.65 | 3,274.65 |

### Withholding  3 items

| Description | Federal | Work State |
|---|---|---|
| Marital Status | Married but withhold at higher Single rate | Married but withhold at higher Single rate |
| Allowances | 0 | 0 |
| Additional Withholding | 0 | |

### Payment Information  1 item

| Bank | Account Name | Account Number | Amount in Pay Group Currency | Pay Group Currency |
|---|---|---|---|---|
| J.P. Morgan Chase Bank | Chase Bank | ▬▬▬ | 1,617.36 | USD |
| | | Total: | 1,617.36 | |

EXHIBIT 4



NCR Corporation    864 Spring St NW Atlanta, GA 30308    +1 (800) 225-5627

| Name | Company | Employee ID | Pay Period Begin | Pay Period End | Check Date | Check Number |
|------|---------|-------------|------------------|----------------|------------|--------------|
| Angelo Kalaveras | NCR Corporation | 14200149850 | 01/25/2020 | 02/07/2020 | 02/14/2020 | |

| | Gross Pay | Pre Tax Deductions | Employee Taxes | Post Tax Deductions | Net Pay |
|---|-----------|--------------------|----------------|---------------------|---------|
| Current | 2,251.00 | 143.32 | 546.19 | 0 00 | 1,561.49 |
| YTD | 9,238.49 | 573.28 | 2,277.27 | 0 00 | 6,387.94 |

| Earnings | | | | | | Employee Taxes | | |
|----------|---|---|---|---|---|----------------|---|---|
| Description | Dates | Hours | Rate | Amoun | YTD | Description | Amount | YTD |
| Regular Pay | 01/25/2020 - 02/07/2020 | 60 | 26 | 1,560 00 | 6,357.00 | OASDI | 132.64 | 545.08 |
| Biometric Credit | 01/25/2020 - 02/07/2020 | 0 | 0 | 75 00 | 300.00 | Medicare | 31.02 | 127.48 |
| CE Vehicle | 01/25/2020 - 02/07/2020 | 0 | 0 | 27.69 | 110.76 | Federal Withholding | 276.56 | 1,157.83 |
| Holiday | | | 0 | | 624.00 | State Tax - CA | 84.90 | 360.23 |
| Group Term Life | 01/25/2020 - 02/07/2020 | 0 | 0 | 3 90 | 15.60 | CA SDI - CASDI | 21.07 | 86.65 |
| Meal Break Penalty | | | 0 | | 26.00 | | | |
| Overtime | | | 0 | | 97.50 | | | |
| OT Premium | | | 0 | | 1.99 | | | |
| Shift 3 Premium | 01/25/2020 - 02/07/2020 | 48 | 2 | 96 00 | 493.00 | | | |
| Sick Time | 02/01/2020 - 02/07/2020 | 16 | 26 | 416 00 | 416.00 | | | |
| Training Hours | 01/25/2020 - 01/31/2020 | 4 | 26 | 104 00 | 923.00 | | | |
| Earnings | | | | 2,282.59 | 9,364.85 | Employee Taxes | 546.19 | 2,277.27 |

| Pre Tax Deductions | | |
|--------------------|---|---|
| Description | Amount | YTD |
| Dental Plan | 9.16 | 36.64 |
| Eye Plan | 4.75 | 19.00 |
| Medical | 129.41 | 517.64 |
| Pre Tax Deductions | 143.32 | 573.28 |

| Taxable Wages | | |
|---------------|---|---|
| Description | Amount | YTD |
| OASDI - Taxable Wages | 2,139.27 | 8,791.57 |
| Medicare - Taxable Wages | 2,139.27 | 8,791.57 |
| Federal Withholding - Taxable Wages | 2,139.27 | 8,791.57 |

| | Federal | State |
|---|---------|-------|
| Marital Status | Married but withhold at higher Single rate | Married but withhold at higher Single rate |
| Allowances | 0 | 0 |
| Addi ional Withholding | 0 | |

| Payment Informa ion | | | | |
|---------------------|---|---|---|---|
| Bank | Account Name | Account Number | USD Amount | Amount |
| ■ | ■ | ■ | 1,561.49 | USD |

NCR - Confidential - 00046