# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ANGELO KALAVERAS,** | Case No.: 20-CV-6930 YGR |
| Plaintiff, | |
| v. | **ORDER GRANTING MOTION TO REMAND; DENYING STAY AS MOOT** |
| **NCR CORPORATION,** | |
| Defendant, | **DKT. NOS. 22, 23** |

Plaintiff Angelo Kalaveras filed this action on June 25, 2020, in the Superior Court of the State of California, County of Contra Costa. Plaintiff alleged claims on behalf of himself and a putative class, as well as representative claims under California's Private Attorney General Act, Cal. Labor Code section 2698, *et seq.* (PAGA). Defendant NCR Corporation removed the complaint to this Court by Notice of Removal filed October 5, 2020, asserting federal jurisdiction pursuant to the Class Action Fairness Act (CAFA). (Dkt. No. 1)

On March 1, 2021, plaintiff represented that he would stipulate to submit all his individual claims asserted in this action to final and binding arbitration pursuant to a mandatory arbitration agreement. (Dkt. No. 18.) The parties so indicated at the March 1, 2021 case management conference, and thereafter filed a stipulation, then approved by order of this Court, submitting his individual claims to arbitration and amending the complaint to state only his individual and representative PAGA claims. (Dkt. Nos. 18, 19.) The stipulation further indicated that NCR intended to move to stay the action pending completion of arbitration of plaintiff's individual claims and that plaintiff intended to move to remand the action to state court. (Dkt. No. 18.) Those motions are now before the Court. (Dkt. Nos. 22, 23.)

1  Having carefully considered the papers submitted on both the motions along with the
2  pleadings in this action, and for the reasons set forth below, the Court **GRANTS** the motion to
3  remand, and **DENIES** the motion to stay as **MOOT**.[1]

4  As a preliminary matter, the Court notes that PAGA claims are not subject to arbitration
5  under California or federal law.  *Sakkab v. Luxottica Retail N. Am.*, 803 F.3d 425, 439 (9th Cir.
6  2015); *Iskanian v. CLS Transportation L.A., LLC*, 59 Cal.4th 348, 384-387 (Cal. 2014); *Perez v. U-*
7  *Haul Co. of Cal.*, 3 Cal.App.5th 408, 421-422 (Cal. 2016).  The California Supreme Court has held
8  that "a PAGA claim is not derivative of, or dependent on an individual claim for relief." *Kim v.*
9  *Reins International Cal., Inc.*, 9 Cal.5th 73, 86 (2020) (internal citation omitted).  Indeed, in an effort
10 to avoid any ambiguity in this matter, plaintiff agrees and requests that his individual claims (alleged
11 in the SAC but subject to arbitration) may be dismissed without prejudice pursuant to Federal Rules
12 of Civil Procedure 12(b)(6) and 41(a)(2), leaving only the PAGA claims in issue.  (Motion to
13 Remand, Dkt. No. 22-1 at 4:24-28.)

14 The parties' disagreement centers on whether this Court should retain jurisdiction over the
15 only remaining claim for litigation, the representative PAGA claim.  Plaintiff contends the Court has
16 only discretionary supplemental jurisdiction over the PAGA claim and that it should decline to
17 exercise that discretion here for reasons of efficiency, convenience, fairness and comity under 28
18 U.S.C. section 1367(c).  Defendant argues that a court retains jurisdiction under CAFA regardless of
19 post-removal developments or amendments and, alternatively, even the Court should retain
20 supplemental jurisdiction over the PAGA claim here.

21 First, as to the question of whether CAFA jurisdiction continues even if all class allegations
22 have been dismissed and a representative PAGA claim is the sole remaining claim for litigation, the
23 caselaw is unsettled.  The parties do not cite, nor has the Court found, any published[2] Ninth Circuit
24 decision deciding whether a complaint removed pursuant to CAFA may be remanded after an

---

[1] Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the Court finds this motion appropriate for decision without oral argument and **VACATES** the hearings set for **April 27, 2021**.

[2] The parties both cited extensively to unpublished memorandum decisions issued by the Ninth Circuit in their filings.  Such decisions are not precedent but are considered only to the extent their reasoning is persuasive.  *See* Ninth Circuit Rule 36-3.

2

amendment eliminating all individual and class claims and leaving only a representative PAGA claim.

The Court acknowledges that, in the usual case, a denial of class certification or amendment of the complaint to eliminate class allegations does not generally divest the court of CAFA jurisdiction. *See United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union, AFL-CIO, CLC v. Shell Oil Co.*, 602 F.3d 1087, 1092 (9th Cir. 2010) (if CAFA removal proper when filed, "subsequent denial of Rule 23 class certification does not divest the court of jurisdiction, and it should not remand the case to state court" citing the "usual and long-standing principle" that post-filing developments do not defeat jurisdiction if it was properly invoked at the time of removal); *Broadway Grill, Inc. v. Visa Inc.*, 856 F.3d 1274, 1277, 1279 (9th Cir. 2017) (post-removal amendment to narrow the class definition does not destroy CAFA jurisdiction) (citing with approval *In re Burlington N. Santa Fe Ry. Co.*, 606 F.3d 379, 380 (7th Cir. 2010). The Ninth likewise has held that "[o]nce CAFA jurisdiction has been established," the party seeking remand must show that one of the exceptions to CAFA jurisdiction should apply. *Adams v. W. Marine Prod., Inc.*, 958 F.3d 1216, 1221 (9th Cir. 2020) (citing *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1021–22 (9th Cir.2007)). Plaintiff acknowledges that "to the extent original jurisdiction existed under CAFA at the time of removal, it arguably survives" dismissal of the class claims. (Motion to Remand, Dkt. No. 22-1, at 3:25-26.)[3]

On the other hand, the Ninth Circuit has repeatedly held that a PAGA claim alone would not be subject to removal under CAFA since it is neither a class or mass action. *Baumann v. Chase Inv. Servs. Corp.*, 747 F.3d 1117 (9th Cir. 2014); *see also Canela*, 971 F.3d at 856 (even where PAGA claim was filed as a "class action" that mere label did not distinguish it from *Baumann* and was not removable under CAFA); *see also id*. at 852 (a PAGA claim is essentially a type of *qui tam* action in which the government entity is the real party in interest and will retain 75% of any penalties recovered).

---

[3] Defendant misrepresents plaintiff's argument on this point when it declares plaintiff "acknowledged in his moving papers [that] NCR properly removed Plaintiff's state court action." (Dkt. No. 29 at 2:6-7.) Counsel are reminded of their obligations under Rule 11 and the Northern District's Standards of Professional Conduct.

The parties cite a number of district court and unpublished Ninth Circuit decisions coming down on either side of the question of whether remand of a PAGA claim should be granted once the class allegations are eliminated. The Court has considered those and others on the issue and concludes that the decisions in *Herd v. Smart & Final Stores LLC*, No. CV 20-8873-MWF (SKX) 2020 WL 6940699, at *3 (C.D. Cal. Nov. 25, 2020); *Echevarria v. Aerotek, Inc.*, No. 16-CV-04041-BLF, 2019 WL 2503377, at *5 (N.D. Cal. June 17, 2019), *aff'd in part, vacated in part, remanded*, 814 F.App'x 321 (9th Cir. 2020), and *McElhannon v. Carmax Auto Superstores W. Coast, Inc.*, No. 3:19-CV-00586-WHO, 2019 WL 2354879, at *3 (N.D. Cal. June 4, 2019) provide the more persuasive reasoning.[4] The Court adopts the reasoning of these decisions and concludes that it has jurisdiction here, if at all[5], only under section 1367's supplemental jurisdiction provisions.

As in *Herd, Echevarria*, and *McElhannon*, and taking the factors into account under section 1367, the Court declines to exercise supplemental jurisdiction over the PAGA claim here, especially given the procedural posture of this case. PAGA implicates complex issues of California law which, in the interests of comity, are best determined by the state court. This case is in its very early days and the Court has not heard any motions or other disputes prior to these motions. No efficiency would be gained by retaining jurisdiction. Defendant's arguments that plaintiff has engaged in unfair forum manipulation ring hollow where defendant elected to remove this action to federal court

---

[4] The Court notes that the district court found remand based on its discretion under section 1367 appropriate after denial of class certification leaving only individual and representative PAGA claims to be litigated in *Nevarez v. Costco Wholesale Corp.*, No. 2:19-CV-03454-SVW-SK (Stephen Wilson), 2020 WL 1139810, at *1–2 (C.D. Cal. Mar. 9, 2020). Appeal of that decision was filed April 8, 2020 and is currently pending before the Ninth Circuit.

[5] While plaintiff did not challenge the sufficiency of the CAFA allegations in the Notice of Removal, the Court notes that they appear to fall short of the $5 million threshold under CAFA. Defendant's calculations include PAGA penalties despite the Ninth Circuit's clear edict that PAGA penalties do not count toward CAFA's amount-in-controversy threshold. *See Urbino v. Orkin Services,* 726 F.3d 1118 (9th Cir. 2013); *Canela v. Costco Wholesale Corp.*, 971 F.3d 845 (9th Cir. 2020); *see also Yocupicio v. PAE Grp., LLC*, 795 F.3d 1057, 1061-62 (9th Cir. 2015) (PAGA penalties cannot be counted toward CAFA's amount-in-controversy threshold). Exclusive of the PAGA penalties here, it appears defendants failed to show the amount in controversy meets the CAFA threshold.

4

knowing that all claims other than the PAGA claim would be subject to arbitration. The record reveals no evidence of other factors that would favor maintaining federal jurisdiction.

Based on the foregoing, the Court declines to extend supplemental jurisdiction over the sole remaining PAGA claim and **GRANTS** the motion to dismiss. The Clerk of the Court is **DIRECTED** to remand this action to the Superior Court of California, County of Contra Costa.

Consequently, the motion to stay is **DENIED AS MOOT**.

This Order terminates Docket Nos. 22 and 23.

**IT IS SO ORDERED**.

Date: April 22, 2021

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**